IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome Curry,<br><br>             Petitioner,<br><br>v.<br><br>Warden, Broad River Correctional<br>Institution,<br><br>             Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 0:25-cv-07261-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Petitioner's Amended Petition for habeas corpus pursuant to 28 U.S.C. § 2254,[1] Petitioner's motion to appoint guardian ad litem and counsel, and an Order and Report and Recommendation ("Order and Report") of the Magistrate Judge. [Docs. 8; 21; 30.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On July 14 and 28, 2025, the Clerk docketed Petitioner's Petition and Amended Petition. [Docs. 1; 8.] On September 8, 2025, the Clerk docketed Petitioner's motion to appoint guardian ad litem and counsel. [Doc. 21.] On November 4, 2025, the Magistrate Judge issued an Order and Report recommending that the action be summarily dismissed for failure to exhaust state remedies insofar as Petitioner indicates that he filed an application for postconviction relief ("PCR") in the Charleston County Court of Common

---

[1] Although Petitioner originally filed this action on the Court's form for filing a habeas corpus petition under 28 U.S.C. § 2241 [Doc. 1], as will be explained, it appears to the Court that Petitioner intended to file a § 2254 petition.

Pleas to challenge his conviction and sentence and that the application is still pending. [Doc. 30 at 2–4.]  Because the Magistrate Judge recommends dismissing the Amended Petition on that basis, she also denied Petitioner's request for the appointment of counsel and a guardian ad litem to assist him in prosecuting this action.  [*Id.* at 4–5.]  Additionally, the Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id*. at 6.]  On November 18 and 24, 2025, the Clerk docketed objections from Petitioner to both the denial of his request for a guardian ad litem and counsel and the recommendation that the case be summarily dismissed.  [Docs. 33; 35; 36.]

## **STANDARD OF REVIEW**

### **Screening of Pro Se Habeas Petitions**

Under established local procedure in this judicial district, a careful review is made of a pro se habeas petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Further, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2019).  Pursuant to this rule, a district court is "authorized to dismiss

2

summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Review of the Magistrate Judge's Rulings and Recommendations**

Regarding dispositive matters, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

On the other hand, review of the Magistrate Judge's decisions on non-dispositive matters, such as appointment of counsel, is deferential, and such rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted).

## **APPLICABLE LAW**

A habeas petition under 28 U.S.C. § 2254 is the appropriate vehicle for a prisoner to challenge the validity of a state court conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (concluding that a habeas corpus proceeding is the proper mechanism for a prisoner to challenge the legality or duration of his custody). Section 2254 requires that, before seeking habeas corpus relief, the petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221

S.E.2d 767, 770 (S.C. 1976).  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

## DISCUSSION

In his Amended Petition, Petitioner argues that filing this action is necessary because his state PCR proceedings have been an ineffective vehicle for vindicating his constitutional rights because he "has had alread[y] (7) PCR hearings without judgm[ent] being entered in (38) months [and] counting . . . ."  [Doc. 8 at 1.]  He also alleges that all PCR judges but one "have been bias[ed,] racis[t,] and p[re]judice[d]" toward him and that he has exhausted his state court remedies by filing a petition for writ of mandamus, which was denied.  [*Id.* at 2.]

5

In the Report, the Magistrate Judge recommends that, because Petitioner indicates that his PCR application to challenge his conviction and sentence is still pending, he has not yet exhausted his state remedies, and a petition for a writ of mandamus cannot satisfy § 2254's exhaustion requirement. [Doc. 30 at 2–4.] Thus, the Magistrate Judge recommends the Amended Petition be summarily dismissed. [*Id.*]

In his objections, Petitioner repeats the contention presented in his Petition that PCR proceedings have been ineffective in that they have been pending now for more than 42 months, and he should therefore be deemed to have exhausted his state remedies. [Docs. 33 at 3–4; 35 at 2; 36 at 2–3.] The Court concludes that further consideration of this issue would be needed before the action would be subject to dismissal for failure to exhaust.

"A petitioner need not present his claim to the state courts if state court remedies are ineffective to protect[] his rights." *Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995). "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Id.* Although "[d]elay in state court does not, by itself, make the state court process ineffective[,] . . . [t]he Fourth Circuit has indicated there are four separate considerations courts must make when determining whether a delay in state court action should excuse a petitioner's failure to exhaust his state court remedies." *Goss v. Jackson*, No. 2:23-cv-00722-BHH-MGB, 2024 WL 3326358, at *5 (D.S.C. May 6, 2024), *Report and Recommendation adopted by* 2024 WL 2859539 (D.S.C. June 6, 2024). "These considerations include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant." *Id.* (internal quotation marks omitted); *see Norris v. Williams*, No. 8:21-cv-

6

03353-MGL-JDA, 2023 WL 5516157, at *6 (D.S.C. July 27, 2023), *Report and Recommendation adopted by* 2023 WL 5509355 (D.S.C. Aug. 25, 2023); *Brannon v. Warden*, No. 5:20-cv-04476-SAL, 2023 WL 2643817, at *3 (D.S.C. Mar. 27, 2023). Because the Magistrate Judge did not discuss these factors, the Court declines to accept the recommendation to dismiss the Amended Petition based on Petitioner's failure to exhaust state court remedies.

Nonetheless, the Court concludes that the Amended Petition is subject to summary dismissal for another reason. In none of Petitioner's filings does he identify a state court criminal judgment that he is challenging. Although the Magistrate Judge indicated that "Petitioner brings this action seeking to invalidate his 2011 conviction for indecent exposure" [Doc. 30 at 1], the Court does not believe that can be inferred from the Petition and Amended Petition.

In his initial Petition, Petitioner listed case number 2020-CP-10-05357 ("Case 5357") as the criminal case for which he is currently serving a sentence and as the decision or action he is challenging. [Doc. 1 at 1, 3.] However, a review of that case's docket shows that it is not a criminal case but instead is a pending civil PCR action that lists as associated cases case numbers K691959 and 2022CP1005515.[2] *See Curry v. State of South Carolina*, No. 2020CP1005357, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ (search by case number 2020CP1005357) (last visited May 25, 2026). Case number K691659 is a 2011 criminal

---

[2] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins.*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records." (internal quotation marks omitted)).

case in which Petitioner pled guilty to indecent exposure and was sentenced to 90 days' imprisonment. *See State of South Carolina v. Curry*, No. K691659, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ (search by case number K691659) (last visited May 25, 2026). The state case online record for case number K691659 lists Case 5357 as an associated PCR case along with another 2022 PCR case—2022CP1005515—that has been dismissed. *Id.* Although the Court does not have access to the actual filings in those cases, it appears that the 2022 PCR case was merged with another case, likely Case 5357, and dismissed. *See Curry v. State of South Carolina*, No. 2022CP1005515, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ (search by case number 2022CP1005515) (last visited May 25, 2026).

In his Amended Petition, Petitioner argues that he was declared to be incompetent or mentally ill in PCR case number 2022-CP-10-2017 ("Case 2017"). [Doc. 8 at 3.] The Magistrate Judge identified Case 2017 as the case the pendency of which showed that Petitioner had not exhausted his state remedies. [Doc. 30 at 1.] However, Petitioner does not indicate that Case 2017 is related to the state court criminal judgment that is being challenged in this action. In fact, Case 2017 seems to challenge a 2020 criminal case in which Petitioner pled guilty to robbery/attempted armed, or allegedly armed, robbery. *See Curry v. State of South Carolina*, No. 2022CP1002017, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ (search by case number 2022CP1002017) (last visited May 25, 2026); *State of South Carolina v. Curry*, No. 2020A1010202727, available at Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ (search by case number

8

2020A1010202727) (last visited May 25, 2026). For that criminal conviction, Petitioner was sentenced to what appears to be 10 years but may require service of only six years, insofar as that case's docket lists "Snt 10Y Sry 6Y" under the sentencing tab. *State of South Carolina v. Curry*, No. 2020A1010202727. Thus, it seems to the Court that it is that sentence that Petitioner was serving when he filed the present case in July 2025, not the 90-day sentence he received for his 2011 indecent exposure conviction. Therefore, Petitioner may have filed this action to challenge his conviction and 10-year sentence for robbery that he was serving when this action was filed.

To the extent that Petitioner seeks to challenge the validity of a state court criminal conviction and to have the conviction invalidated, a habeas petition under 28 U.S.C. § 2254 is the appropriate vehicle. *See Preiser*, 411 U.S. at 489. However, to challenge the validity of such a state conviction, Petitioner "must file a § 2254 petition *that clearly identifies which state court judgment he seeks to challenge* and whether he is currently in custody pursuant to that conviction, and specifies his grounds for relief and the facts supporting each ground." *Cousar v. Lynch*, No. 20-CV-0639 (CM), 2020 WL 905629, at *2 (S.D.N.Y. Feb. 24, 2020) (emphasis added). This, Petitioner has not done. Indeed, Petitioner has failed to list a state court criminal case in his Petition, Amended Petition, or objections. [*See generally* Docs. 1; 8; 33; 35; 36.] And even liberally construing Petitioner's pleadings and reviewing the PCR cases Petitioner identified, the Court is unable to determine what state court conviction Petitioner is attempting to challenge in this action. Because Petitioner has not identified the state court conviction he challenges,

the Amended Petition fails to state a claim upon which relief may be granted.[3]

Nonetheless, Petitioner will be given an opportunity to cure his pleading deficiency by

filing a second amended petition.[4]

---

[3] In his objections, Petitioner also argues that he "never gave written consent to have this magistrate preside over [this] case or enter any judgment pursuant to the Magistrate[] Judge[s] Act rules, laws, statutes, and Supreme Court rulings." [Doc. 33 at 2; see Docs. 35 at 1; 36 at 1.] It appears that Petitioner misunderstands the Magistrate Judge's role in this case. The Magistrate Judge has not been assigned to handle all proceedings in this case, which would require the parties' consent. 28 U.S.C. § 636(c)(1). This district court is authorized, pursuant to 28 U.S.C. § 636(b)(1), to assign pretrial matters to a magistrate judge, who is then authorized to rule on certain pretrial matters and to submit a report and recommendation to a district judge on other pretrial matters. In this case, Magistrate Judge Paige J. Gossett was assigned, pursuant to Local Civil Rule 73.02(B)(2)(c) (D.S.C.), to handle pretrial matters in this case brought under 28 U.S.C. § 2254, and she issued an Order on the non-dispositive matter of Petitioner's motion to appoint guardian ad litem and counsel as well as the Report to the undersigned for a final decision. Accordingly, the Court overrules Petitioner's objections regarding the Magistrate Judge's involvement in this case.

Petitioner also argues in his objections that he has a pending lawsuit against the Magistrate Judge and the undersigned—case number 2025-CP-10-0160 in the Charleston County Court of Common Pleas—that warrants recusal. [Docs. 33 at 2; 35 at 1–2; 36 at 2.] The Court declines to find that such a lawsuit creates grounds for the undersigned judge's recusal. Although 28 U.S.C. § 455 requires that a judge recuse herself if she is a party to the proceeding, courts have routinely held that, when a litigant files suit against the presiding judge in another ongoing action, recusal is not required. *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against [her], or by a litigant's intemperate and scurrilous attacks." (citations omitted)); *see also United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *United States v. Watson*, 1 F.3d 733, 735 (8th Cir. 1993). Accordingly, the Court overrules Petitioner's objections concerning recusal.

Finally, as for Petitioner's objections regarding the Magistrate Judge's denial of his motion to appoint guardian ad litem and counsel, the Court notes that the basis of the denial was the recommendation that the Amended Petition is subject to summary dismissal. [Doc. 30 at 5.] Because the Court agrees that the Amended Petition is subject to summary dismissal, Petitioner's objections regarding the denial of his motion to appoint guardian ad litem and counsel are overruled.

[4] To the extent Petitioner is now attempting to challenge his 2011 conviction and 90-day sentence, the Court notes that a § 2254 petition would likely be time barred. *See*

## CONCLUSION

In sum, for the reasons discussed, the Report and Recommendation of the Magistrate Judge is rejected, but Petitioner's Amended Petition is nonetheless subject to summary dismissal. Petitioner may be able to cure the deficiency of his Amended Petition for filing a second amended petition. Therefore, Petitioner is granted **twenty-one (21) days** from the date this Order is entered (plus three days for mail time) to file a second amended petition that corrects the deficiencies identified above. **If Petitioner fails to file a second amended petition that corrects the deficiencies identified herein, this action will be summarily dismissed without further leave to amend.** If Petitioner files a second amended petition, the case will be recommitted to the Magistrate Judge for further initial review. As noted, Petitioner filed this action on the Court's form for filing a § 2241 habeas petition, but it appears Petitioner intended to file a § 2254 habeas corpus petition. Accordingly, the Clerk is directed to send Petitioner a blank § 2254 form along with this Order.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

*generally* 28 U.S.C. § 2244(d). To the extent Petitioner is attempting to challenge his conviction and 10-year sentence for robbery, a § 2254 petition may be subject to dismissal for failure to exhaust state court remedies, but as discussed, the Court would need to consider whether his failure to exhaust should be excused.

28 U.S.C. § 2253(c).  A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 26, 2026
Columbia, South Carolina